UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FRANCHEZKA ROSSO,

    Plaintiff,

v.

MUSE ARTS, INC., a Florida corporation
and YASEMIN SATICI, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, FRANCHEZKA ROSSO, (herein referred to as "Plaintiff" and/or "ROSSO"), was employed by Defendants, MUSE ARTS, INC. (hereinafter referred to as "MUSE"), Florida Profit Corporation, and YASEMIN SATICI (hereinafter, "SATICI" and collectively, "Defendants") as a Studio Manager, Creative Writing Teacher, Hip-Hop Instructor, & Event Curator. She brings this Action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) and other state laws.

### JURISDICTION AND VENUE

1.     This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and for unpaid wages under Florida common law.

2.     Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3.     Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue

to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. ROSSO is a resident of Broward County, Florida. During all times relevant to this Complaint, ROSSO was employed by Defendants as a Studio Manager, Creative Writing Teacher, Hip-Hop Instructor, & Event Curator. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA. To wit: ROSSO was a Studio Manager, Creative Writing Teacher, Hip-Hop Instructor, & Event Curator and worked with products that were transported across state lines.

6. Defendant MUSE is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Fort Lauderdale, Broward County, Florida. MUSE has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Specifically, MUSE is an Art Center and its employees, including ROSSO, regularly handled goods which were transported across state lines.

8. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

9. MUSE upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. MUSE is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

10. Defendant SATICI, who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant MUSE.

11. Defendant SATICI acted and acts directly in the interests of MUSE in relation to its employees. SATICI had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of MUSE. Thus SATICI was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

12. ROSSO worked for Defendants on January 19, 2021, until April 8, 2021.

13. Plaintiff was non-exempt employees of Defendants and are subject to the payroll practices and procedures set forth hereinafter.

14. Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

15. During her employment, ROSSO regularly worked approximately forty-five (45) hours per week.

16. Throughout her employment with Defendants, Plaintiff was routinely only paid for about 15-25 part-time hours per week despite working up to forty-five (45) hours per week.

17. Defendants also failed to pay Plaintiff for any of the hours she worked on March 15, 16, 18, and April 8, 2021.

18. At all times pertinent to this action, Defendants failed to comply in that ROSSO performed services for Defendant for which ROSSO was not paid at least the prevailing minimum wage for all hours worked.

19. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that ROSSO performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

20. The Defendants and their representatives knew that ROSSO was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

21. The Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

22. In the course of employment with Defendants, ROSSO worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

23. ROSSO averaged approximately forty-five (45) hours per week during the relevant time frame of January 19, 2021 through April 8, 2021.

24. Defendants willfully failed to record all time worked by ROSSO and willfully misclassified ROSSO as exempt from overtime.

25. The records, if any, concerning the number of hours actually worked by Plaintiff are in the possession, custody, and control of Defendants.

26. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this Action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME
### (*AGAINST ALL DEFENDANTS*)

28. Plaintiff re-alleges and re-avers paragraphs 1–27 as fully set forth herein.

29. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

30. Specifically, ROSSO worked an average of forty-five (45) hours during each work week in which she was employed, but was not compensated at one and one half times her regular rate.

31. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she were neither bona fide executive, administrative, or professional employees.

32. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

33. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

34. Defendants knew Plaintiff was not exempt from overtime but refused to pay her at a rate of time and one-half her regular rate.

35. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

36. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff FRANCHEZKA ROSSO demands judgment for:

   a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

   b) Interest on the amount found due;

   c) Liquidated damages;

   d) A jury trial on all issues so triable;

   e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

   f) Such other relief as the Court deems just and proper.

### COUNT TWO – UNPAID WAGES
### *(AND AGAINST ALL DEFENDANTS)*

37. Plaintiff re-alleges and re-avers paragraphs 1–27, as fully set forth herein.

38. Plaintiff and Defendants entered into a compensation agreement whereby Plaintiff was to perform services as a Studio Manager, Creative Writing Teacher, Hip-Hop Instructor, & Event Curator in exchange for payment from Defendant.

39. Pursuant to the terms of the agreement, Defendant agreed to pay Plaintiff $15 per hour for the services she provided for the benefit of Defendant.

40. Defendant knew that Plaintiff worked approximately forty-five (45) hours per week during yet only paid her for approximately fifteen (15) to twenty-five (25) hours per week during the relevant time period.

41. Defendant also failed to pay Plaintiff for any hours worked on March 15, 16, 18 and April 8, 2021.

42. Plaintiff reasonably estimates that she is owed at least $540 for the services provided on March 15, 16, 18 and April 8, 2021, and approximately $3,300 to $4,950 for the unpaid hours from January 19, 2021 until April 8, 2021.

43. Further, ROSSO is also entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff FRANCHEZKA ROSSO requests judgment against Defendants as follows:

    a) Unpaid wages in the amount of at least $465.00;

    b) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

    c) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

    d) Such other relief as the Court deems just and proper.

### COUNT THREE: VIOLATION OF FLSA / MINIMUM WAGE (AGAINST ALL DEFENDANTS)

44. Plaintiff re-alleges and re-avers paragraphs 1–27, as fully set forth herein.

45. During the course of Plaintiff's employment with Defendant, Plaintiff was not compensated at all for hours worked for Defendants.

46. Plaintiff routinely worked approximately forty-five (45) hours per week but was only compensated for fifteen (15) to twenty-five (25) hours per week.

47. For the last four (4) days of her employment on or about March 15, 16, 18, and April 8, 2021, ROSSO worked hours for which she was paid nothing.

48. The Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendant employed Plaintiff during the relevant time period.

49. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, FRANCHEZKA ROSSO, hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: September 20, 2022.

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Office)
        (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        Shanna Wall, Esq.
        Fla. Bar #0051672
        shanna@icelawfirm.com